## FORTNEY, MARTIN & CO. v. JACOBY.

1. Practice in the Supreme Court: WAIVER OF ERROR. Where a party excepts to a ruling, and expressly waives the exception on appeal, the other party cannot be heard to complain thereof.

2. Contract: EVIDENCE. Evidence considered which was *held* sufficient to entitle plaintiff to recover under a contract for the erection of a building.

*Appeal from Warren Circuit Court.*

SATURDAY, APRIL 11.

In the fall of 1876 the plaintiffs entered into a parol contract with the defendant by which they agreed to do all the work, and furnish all the materials, necessary to be done and furnished in erecting and completing a brick building for the defendant, excepting the excavating, and the brick and stone work.

This action was brought to recover a balance of one thousand eight hundred and eighty-six dollars, which was alleged to be due on said contract. The plaintiffs filed a mechanic's lien upon the building, and lot upon which it was situated, and the action is an equitable one to foreclose the lien.

The answer of the defendant put in issue the amount claimed by the plaintiffs as the contract price for erecting the building, and also denied some of certain items which were claimed as extra work, and by way of cross-claim set up that said building was unskillfully constructed, and that the materials used were of a very inferior quality, to the damage of defendant in the sum of two thousand dollars, for which he asked judgment.

There was a trial by the court upon written evidence, in pursuance of a motion and order to that effect. Judgment was rendered against the defendant for one thousand two hundred dollars, and a decree was entered foreclosing the mechanic's lien. The defendant appeals.

*Henderson & Berry*, for appellant.

*W. H. Schooley* and *Geo. W. Seevers*, for appellee.

ROTHROCK, J.—I. The motion to try the cause upon written evidence was made by the plaintiffs. It was resisted by the defendant because it was not made at the appearance term. The motion was sustained. The defendant excepted to the ruling. He now expressly waives this exception, and asks that this court try the cause anew. The plaintiffs object to such trial, and contend that the cause is not triable *de novo*. We think the plaintiffs cannot now be heard to make such objection. The cause was tried in the court below upon written evidence, in pursuance of their motion, and against the objection of the defendant. If the defendant does not now object to the ruling of the court the plaintiffs cannot be allowed to complain thereof.

II. No question of law is presented in the case. The points in controversy relate solely as to what were the terms of the contract between the parties, and the amount and value of the extra work, and whether the plaintiffs complied with their contract in their workmanship as mechanics and in the materials furnished.

1. PRACTICE in the supreme court: waiver of error.

2. CONTRACT: evidence.

Fortney, Martin & Co. v. Jacoby.

There is a conflict in the evidence as to the contract price for erecting the building. Two of the plaintiffs testify that the sum agreed upon by the parties was four thousand six hundred and eighty-five dollars and forty-five cents. The defendant testifies that it was four thousand two hundred dollars. These witnesses, with one Borrell, were present when the contract was made. Borrell was examined as a witness in the case, but does not state the amount agreed upon between the parties. The counsel for the defendant contends that it is not shown by a preponderance of evidence that the contract price was four thousand six hundred and eighty-five dollars and forty-five cents, as claimed by plaintiffs. An argument is made based upon a certain paper that was handed to the defendant by Martin, one of the plaintiffs, at the time the contract was made, as explanatory of the amount. We think, however, that as both Martin and Fortney testify, as we understand, positively, that the amount agreed upon was four thousand six hundred and eighty-five dollars and forty-five cents, and the defendant stands practically alone in contradiction, it must be said the preponderance is with the plaintiffs upon this disputed fact.

III. At the time the contract was made a plan of the building was adopted, and it was agreed that the plaintiffs should be paid for extra work which should become necessary by any change which should be made in the plan as the work progressed. They were also to deduct a proper amount for such changes as should be made which would lessen the labor and materials to be furnished by them. The plaintiffs claim eight hundred and eleven dollars and twenty-four cents for extra work. Part of this amount is not disputed by defendant. A number of witnesses were examined as to the value of the extra work, and, as usual, they differ in their estimates. We think the sum of five hundred dollars, over and above deductions made in defendant's favor by reason of changes which reduced the amount of work, is about a fair estimate from all the evidence. This amount added to four thousand six hun-

dred and eighty-five dollars and forty-five cents—the contract price—makes five thousand one hundred and eighty-five dollars and forty-five cents. It appears from the evidence that the plaintiffs have been paid the sum of three thousand six hundred and fifty-five dollars and sixty-eight cents. This sum deducted from the amount of the contract price and extra work would leave due to plaintiffs the sum of about one thousand five hundred and thirty dollars.

IV. It is shown by a fair preponderance of the evidence that the parties contracted for a good; plain, substantial building, similar in material, labor and finish to a hotel which was then in course of erection on adjoining lots. The defendant claims that the building was to be first-class. This we do not think is supported by the evidence.

There are two respects, however, in which we think the plaintiffs failed to comply with their contract. It seems to us that it is established, by a clear preponderance of the evidence, that the flooring used in laying the upper floor was not seasoned as it should have been. Indeed, we do not understand that any witness testifies it was sufficiently dry to make a reasonably good floor. It also appears, beyond much question, that the frame-work which supports the roof of the building is insufficient. The defendant is entitled to whatever damages he has sustained by reason of these defects in the building.

The original plan of the building contemplated that two brick partition walls should be built up to the top of the second story. This plan was changed by building these walls to the top of the first story only. Wooden partitions were made in the second story. These wood partitions were extra work, and it was the duty of the plaintiffs to use proper skill in constructing them and the roof supports. If it required more labor and material to make proper supports for the roof by reason of the change from brick to wood partitions, the plaintiffs were entitled to pay for the extra work and materials made necessary thereby.

What the defendant should be entitled to in damages for these failures of the plaintiffs is a difficult question to determine with exactness from the evidence. That he should be fully compensated for what it will be necessary to expend in putting down a new upper floor, and in strenthening the supports of the roof in a proper manner, and for the general disturbance of the plastering and other work in so doing, we entertain no doubt. We are required to determine this from the evidence, and we think the sum of five hundred dollars will approximate the proper amount. We then have to deduct the sum of five hundred dollars from one thousand five hundred and thirty dollars, the amount found to be due under the contract, and for extra work, which leaves the sum of one thousand and thirty dollars due the plaintiffs. As thus modified the decree of the court below will be affirmed—the appellees to pay the costs of appeal.

MODIFIED AND AFFIRMED.